IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Thomas R. Zorrer, | ) | C/A No.: 1:16-3085-PMD-SVH |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| Spartanburg County Detention Center; Sheriff Chuck Wright; Major Neil Urch; Ms. Ashley McCann; Captain Garcia; Deputy Jacob Brock; Deputy Greene; Deputy Preltlove; Deputy Nichols; Deputy Britt; Deputy Thomas; Deputy Ballew; Deputy Cooper; Deputy Rigsby; Deputy Wright; Deputy McCreary; Deputy Benstead; Ms. K. White; Nurse D. Simmons; Nurse Sonya; Deputy Rollins; and Victoria Carswell, | ) | ORDER |
| Respondent. | ) | |

Thomas R. Zorrer ("Plaintiff"), proceeding pro se and in forma pauperis, filed a complaint against Defendants alleging violations of his constitutional rights. This matter is before the court on the following motions by Plaintiff: (1) motion for an extension of time to respond to Defendants' motion for summary judgment [ECF No. 44]; (2) motion for discovery [ECF No. 45]; and (3) motion for appointment of counsel [ECF No. 46].

I.  Motion for extension to respond to Defendants' summary judgment motion

Plaintiff's response to Defendants' motion for summary judgment is due June 8, 2017. Plaintiff has requested an unspecified extension of time to respond. The court grants Plaintiff a 30-day extension. Plaintiff's response to Defendants' motion for summary judgment is now due by July 10, 2017.

II.  Motion for discovery

Plaintiff's motion for discovery includes requests for production to Defendants. [ECF No. 45]. There is no indication that Plaintiff previously served the requests for production on Defendants. Plaintiff's motion for discovery is denied, as the deadline for completion of discovery expired March 6, 2017, three months prior to Plaintiff's motion.

III.  Motion for appointment of counsel.

There is no right to appointed counsel in cases brought pursuant to 42 U.S.C. § 1983 cases. *Cf. Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975). While the court is granted the power to exercise its discretion to appoint counsel for an indigent in a civil action, 28 U.S.C. § 1915(e)(1); *Smith v. Blackledge*, 451 F.2d 1201 (4th Cir. 1971), such appointment "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff in his motion has not shown that any exceptional circumstances exist in this case.

After a review of the file, this court has determined that there are no exceptional or unusual circumstances presented that would justify the appointment of counsel, nor would Plaintiff be denied due process if an attorney were not appointed. *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984). In most civil rights cases, the issues are not complex, and whenever such a case brought by an uncounseled litigant goes to trial, the court outlines proper procedure so the uncounseled litigant will not be deprived of a fair opportunity to present his case. Accordingly, Plaintiff's request for a discretionary appointment of counsel under 28 U.S.C. §1915(e)(1) is denied.

IT IS SO ORDERED.

June 8, 2017  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge